IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No.:    18-cr-381-MSK-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRUCE HOLDER, *et al*.

Defendants.

---

ORDER REGARDING MOTION TO CONTINUE ECF# 122

---

This matter comes before the Court on Defendant Lexus Holder's motion to continue (ECF #122). [1]  Based on the unanimous consent of the parties (ECF #14) the matter was referred to my jurisdiction by the Chief Judge (ECF #15).  The Court has reviewed the motion, which informs the Court that the Government does not object, as well as responses from each Defendant. All Defendants join or consent, with the exception of Defendant Bruce Holder (ECF #129), and that response will be discussed in

---

[1] "(ECF #22)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

more detail *infra*.  The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. [2]

Defendants entered not guilty pleas to each count of the indictment.  This action is set for trial on May 6, 2019.  Defendant and the Government unanimously consented to the jurisdiction of the Magistrate Judge to determine speedy trial related matters and to address a motion to continue.   Defendant moves to continue the trial on the basis that there is not enough time to be properly prepared for trial on May 6, 2019.

The reasons for the continuance include: Counsel for Defendant Lexus Holder entered her appearance on January 26, 2019 (ECF #61).  As noted in the motion to continue, ECF # 122, p. 2, Counsel has now received discovery which consists of 57 GB of data, 18,138 pages of written reports, audio, video, and other media.   Additional discovery will be forthcoming.  Put bluntly, proper preparation for trial cannot occur in the time remaining with that mass of information.  Given the seriousness of this action, the significant amount of data, the breadth of the investigation covering months and two countries, Defendant is asking for a 180-day continuance.

Defendant Bruce Holder's Counsel responds indicating that Counsel does not object to the proposed continuance (ECF #129).  Indeed, Counsel indicates that Counsel needs the time to prepare for trial and that Counsel is in agreement with the motion.  *Id* p. 2.  Counsel indicates that, if the motion is not granted, Counsel will have to move to withdraw based on a conflict of interest.  *Id*.  Counsel indicates that Defendant Holder's personal position is that the Defendant objects to the motion unless Defendant is released from custody.  The Court finds that it is in the interest of justice to continue this matter

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Crim. P. 59(a).

despite Defendant Bruce Holder's objection. The Court would also note that a new attorney was appointed in this matter for Defendant Bruce Holder based on a motion to withdraw which was granted on December 28, 2018 (ECF #49). Further, the time period associated with Defendant Bruce Holder is excludable as his matter is joined for trial with his co-Defendants and no motion for severance has been granted. *See* 18 U.S.C. § 3161 (h)(7).

The Court has considered and includes the reasons set forth in the Defendant's motion. The Court, examining the factors set forth in U.S. v. Toombs, 574 F.3d 1262 (10th Cir. 2009) and 18 USC § 3161, determines that the ends of justice would be served by continuing the trial in this matter and that the factors in favor of granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. The Court finds that failure to grant such a continuance would make it impossible for the Defense to proceed, would provide inadequate preparation time taking into account the fact that the parties have all exercised due diligence. The Government did not object, in any fashion, to the motion to continue-nor does any co-Defendant other than Defendant Bruce Holder. All time between the vacated trial date of May 6, 2019 and the new date of November 4, 2019 shall be excluded from the speedy trial calculation. The parties are to file a joint memo, within 14 days, providing a current speedy trial calculation.

Accordingly, it is hereby **ORDERED** that the motion is GRANTED and the trial is continued.

Dated March 16, 2019.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge